IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Case No.: JKB-20-269 |
| GILBERT CONWAY | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Pending before the Court is defendant Gilbert Conway's Motion for Review and Reconsideration of Detention Order pursuant to 18 U.S.C. § 3145(b). ECF 102. The government has not filed an opposition. No hearing is necessary. The motion is denied.

### Procedural Background

Mr. Conway, 44, has been charged by indictment with conspiracy to distribute and possess with intent to distribute fentanyl and cocaine base in violation of 21 U.S.C. § 846. On October 16, 2020, Mr. Conway appeared for his initial appearance on the indictment. That same day, I released him pending trial subject to certain conditions, including participation in and successful completion of an inpatient substance abuse program at the Shoemaker Center. Release Condition 8(v), Order of Release, ECF 71. I scheduled a bail review/status hearing for November 13, 2020, approximately 28 days after Mr. Conway's enrollment in the inpatient program, in anticipation that by then he would have completed the program successfully and I could fashion appropriate release conditions. On November 12, I was notified that Shoemaker discharged Mr. Conway from the program due to noncompliance with program rules and that Mr. Conway had not been in contact with Pretrial Services since his discharge.

At the November 13 virtual hearing, counsel for Mr. Conway advised me that Mr. Conway had called him minutes before the hearing and advised him he was living at Turk House, a recovery facility in Baltimore City. With Mr. Conway available by phone, I required him to call into the hearing, which he did. At the hearing, I heard from counsel and Pretrial Services Officer Scott Holzer and reviewed the November 12, 2020 Shoemaker discharge summary. According to the discharge summary, Mr. Conway

> had been spoken too [sic] on numerous occasions by his counselor that his behavior, lack of attending groups, disrespect to other clients and staff needed to change. He was [p]ut on a behavioral contract on November 10th for smoking in the facility. [He] refused to sign and had become increasingly more disruptive and disrespectful.

His prognosis was deemed "poor . . . due to his lack of working the program, admitting his addiction and lack of accountability for his behavior."

At the hearing, Mr. Conway disagreed with at least some of the allegations in the discharge summary and urged me to allow him to live at the Turk House and enroll in another substance abuse program. I rejected this request, citing his failure to comply with the rules of the Shoemaker program and his premature discharge from the program based on noncompliance. I also considered his prior criminal history, which includes numerous convictions for CDS distributions since 1994 and most recently a 2010 conviction for an unidentified lesser included offense of first-degree murder for which he was on probation when he allegedly committed this federal offense. For these reasons, I found Mr. Conway in violation of the Order Setting Conditions of Release and determined that he had not overcome the rebuttable presumption of detention under 18 U.S.C. § 3142(e)(3)(A). I ordered Mr. Conway to self-surrender to the U.S. Marshals by 1:00 p.m. that day. He did not comply with my order. I understand he turned himself into Marshals' custody the following Monday, November 16, and has been detained since then. On November 20, 2020, through counsel, Mr. Conway filed the pending motion.

**Discussion**

Mr. Conway filed his motion under 18 U.S.C. § 3145(b).  That section of the Bail Reform Act provides:  "If a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."  This provision triggers a District Judge's review of a Magistrate Judge's detention order.  It is unclear, however, whether Mr. Conway requests that Chief Judge Bredar review my order under § 3145(b) or that I reopen the detention hearing under 18 U.S.C. § 3142(f)(2).  The latter provision allows for the reopening of a detention hearing if "information exists that was not known to [him] at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f)(2).  In apparent effort to invoke this provision, Mr. Conway states that "[a]t the time of both the initial appearance and status/detention hearing, a suitable candidate to serve as third party had not been found and no information regarding alternative conditions for release were offered to the Court."  Def.'s Mot. 4.  He claims the proposed third-party custodian, the mother of his two-year-old son, "had originally been reluctant to undertake the responsibility of being third party custodian but now has reconsidered and has expressed a willingness to serve in that role.  Information regarding the potential third party custodian was not previously made known to the Court."  *Id.* at 5.  In light of the newly identified third-party custodian and the absence of any alleged legal errors, I will construe the motion as a motion to reopen the detention hearing under 18 U.S.C. § 3142(f)(2).

As grounds for reopening the detention hearing, Mr. Conway claims that his proposed third-party custodian previously was unwilling to serve in this role but now is willing to do so.  Of course, Mr. Conway knew about the proposed third-party custodian's existence at the hearings

3

because she is the mother of his young son. What he did not know then was that she might change her mind at some point and allow him to live with her and serve as a third-party custodian. I am not convinced that the newfound willingness of a formerly unwilling third-party custodian is a "information . . . that was not known to [him] at the time of the hearing." 18 U.S.C. § 3142(f)(2). For purposes of this motion, however, I will assume that Mr. Conway has presented information that was not known to him at the prior two hearings, and I will further assume that the third-party custodian is suitable.

The next question is whether the existence of a suitable third-party custodian has "a material bearing on the issue whether there are conditions of release that will reasonably assure . . . the safety of any other person and the community." *Id.* Here, it does not. I ordered Mr. Conway detained because he violated the express condition of my release order requiring him to participate in and successfully complete an inpatient substance abuse program at Shoemaker; he failed to contact Pretrial Services after he was discharged from the program; and based on his prior criminal history, prior poor performance on court supervision, and the fact that he is on probation now, he could not overcome the rebuttable presumption of detention. My decision did not turn on the availability of a third-party custodian, and I will not reconsider my detention order now that there appears to be a suitable third-party custodian.

For these reasons, Mr. Conway's motion is denied. If Mr. Conway intended to appeal my November 13 detention order or if he wishes to appeal this decision, he may file a motion for review of a detention order pursuant to 18 U.S.C. § 3145(b).

.

## **ORDER**

For the reasons stated in this Memorandum Opinion and Order, it is, this 11th day of January, 2021, hereby ORDERED that Gilbert Conway's Motion for Review and Reconsideration of Detention Order, ECF 102, is DENIED.

          /S/
Deborah L. Boardman
United States Magistrate Judge